**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marshell COOPER, Defendant–Appellant.**

**No. 12–11959**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 21, 2012.

Kathleen Mary Salyer, Wifredo A. Ferrer, Anthony W. Lacosta, Nancy L. Langston, Anne Ruth Schultz, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Marshell Cooper, Tallahassee, FL, pro se.

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellant Marshell Cooper, a federal prisoner, appeals from the district court's denial of her motion to reduce sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Cooper argues that the district court should have reduced her sentence under Amendment 750 to the Sentencing Guidelines because: (1) under *Freeman v. United States*, 564 U.S. ——, 131 S.Ct.

2685, 180 L.Ed.2d 519 (2011), she is eligible for a reduction even though she was sentenced as a career offender; (2) the Fair Sentencing Act ("FSA") changed the minimum sentence that she faced; (3) the district court counted her criminal history against her several times; and (4) the crack-powder cocaine sentencing disparity is unfair.

We review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir.2008).

A district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements, found in U.S.S.G. § 1B1.10, state that "[a] reduction in the defendant's term of imprisonment ... is not authorized under 18 U.S.C. § 3582(c)(2) if ... [the] amendment ... does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 750 to the Sentencing Guidelines amended the drug quantity table in § 2D1.1(c) to reduce offense levels in crack cocaine cases. *See* U.S.S.G.App. C, Amend. 750. Amendment 759 made the drug quantity table amendment retroactive, and it became effective on November 1, 2011. *See id.*, Amend. 759.

In *Moore*, we addressed whether Amendment 706, which similarly reduced the base offense levels for crack cocaine offenses, authorized reductions under § 3582(c)(2) for defendants who had been convicted of crack cocaine offenses, but had been sentenced under the career offender guidelines. *See Moore*, 541 F.3d at 1325–26. We explained that § 3582(c)(2) only authorizes reductions to sentences that were "based on" sentencing ranges that were subsequently lowered. *Id.* at 1327. As Amendment 706 did not lower the career offender offense levels, we concluded that it did not lower the sentencing range upon which a career offender's sentence had been based. *Id.* We also explained that the commentary to § 1B1.10 "[made] clear" that a § 3582(c)(2) reduction was not authorized where an amendment lowered a defendant's base offense level for the offense of conviction, but not the career offender sentencing range under which the defendant was sentenced. *Id.* at 1327–28; *see also* U.S.S.G. § 1B1.10, comment. (n. 1(A)).

Even after the Supreme Court's decision in *Freeman*, *Moore* remains binding precedent in our Circuit. *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir.), *cert. denied*, —— U.S. ——, 133 S.Ct. 568, 184 L.Ed.2d 371 (2012). *Freeman* had nothing to do with defendants who were assigned a base offense level under one guideline section, but were ultimately assigned a total offense level and guideline range under § 4B1.1. Therefore, a defendant who was convicted of a crack cocaine offense but sentenced as a career offender was still not eligible for a § 3582(c)(2) reduction under Amendment 750. *Id.*

We recently have held that the FSA may not be used to reduce a sentence pursuant to a § 3582 motion because it is not a guidelines amendment issued by the Sentencing Commission. *United States v. Berry*, 701 F.3d 374 (11th Cir.2012). Further, the FSA has not been made retroactively applicable to sentences imposed before its 2010 passage. *Id.* at 4–5.

Cooper's argument that she is entitled to a § 3582 reduction, despite her status as a career offender, is foreclosed by our decision in *Lawson*. *See Lawson*, 686

F.3d at 1321. Cooper does not contest that she was sentenced as a career offender. *Lawson* confirms that *Moore* is still binding precedent, and, under *Moore*, Cooper is not eligible for a sentence reduction because she was sentenced as a career offender. *See id.; see also Moore*, 541 F.3d at 1330.

None of Cooper's other arguments for a sentence reduction deal with a retroactive amendment to the Guidelines issued by the Sentencing Commission. This includes Cooper's argument, raised for the first time on appeal, that the FSA should apply to her motion. *See Berry*, 701 F.3d at 376–77. Accordingly, we hold that a sentence reduction is not authorized under 18 U.S.C. § 3582, and we affirm the district court's order denying the motion to reduce sentence.

**AFFIRMED.**